# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nelson Jose Del Rosario,<br><br>    Plaintiff,<br><br>    v.<br><br>Eric Holder *et al.*,<br><br>    Defendants. | Civil Action No. 10-1565 (JDB) |

## MEMORANDUM OPINION

This action, brought *pro se*, was initiated by plaintiff's filing of a document captioned "Petition for Writ of Mandamus to Compell [sic] the Drug Enforcement Administration to Release the Daily Log Book of DEA Agent Laboy at San Juan International Airport, Puerto Rico, on July 29, 2000." Pending before the Court is defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56. Defendants assert that the case is barred by *res judicata* and that plaintiff has failed to exhaust his administrative remedies. Upon consideration of the parties' submissions, the Court finds that the case is procedurally barred. Hence, it will grant defendants' motion to dismiss.

> *Res judicata* involves two separate legal theories – claim preclusion and issue preclusion.
>
> Claim preclusion generally refers to the effect of a prior litigation in foreclosing successive litigation of the very same claim, whether or not re-litigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

*New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001) (citing Restatement (Second) of Judgments § § 17, 27, pp. 148, 250 (1980); D. Shapiro, Civil Procedure: Preclusion in Civil Actions 32, 46 (2001)). Only claim preclusion is at issue here.

Claim preclusion seeks to "[protect] litigants from the burden of re-litigating an identical issue with the same party or his privy and [promote] judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The doctrine focuses on whether the same cause of action is implicated in both the initial and subsequent lawsuits, meaning that the two lawsuits "share the same nucleus of facts." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (citation and internal quotation marks omitted). Ultimately, the successful application of the claim preclusion doctrine requires three things: "(1) the presence of the same parties or privies in the two suits; (2) claims arising from the same cause of action in both suits; and (3) a final judgment on the merits in the previous suit." *Friendship Edison Public Chartered School v. Suggs*, 562 F. Supp. 2d 141, 148 (D.D.C. 2008) (citing *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004)).

The extraordinary remedy of a writ of mandamus is not available if another adequate remedy exists. *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1993). Because a claim for agency records is properly brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, defendants have construed this action as brought under the FOIA, and the Court will do so as well. Plaintiff does not state in the complaint when he submitted the FOIA request forming the basis of this action. However, he attaches a final agency action dated March 6, 2007, affirming the DEA's decision to neither confirm nor deny the existence of records responsive to plaintiff's request for "records pertaining to [his] arrest at an airport in San Juan, Puerto Rico on July 29, 2000." The administrative appeal was limited to plaintiff's "request for access to logs that [he] allege[d] demonstrate that a particular DEA Special Agent was present at the time of [his] arrest." Compl. Attach.

On January 15, 2008, plaintiff filed a FOIA action in this Court against the DEA and other defendants in which he sought the release of, among other documents, "copies of police computerized [sic], device and daily logs showing that Special Agent Elvin Laboy was in fact present at the International Airport 'Luis Munoz' in San Juan, Puerto Rico on July 29, 2000." *Rosario v. Drug Enforcement Admin.*, Civ. Action No. 08-79 ("*Rosario* I"), Compl. at 1. By Order of August 12, 2008, this Court granted defendants' motion for summary judgment as conceded and entered judgment for the defendants. Plaintiff did not appeal that order, which "operate[d] as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Mitchell v. Bannum Place of Washington, D.C., Inc.*, 532 F. Supp. 2d 104, 107-08 (D.D.C. 2008) (applying *res judicata* to later case based on same facts underlying an earlier case dismissed on a conceded summary judgment motion); *accord Poblete v. Indymac Bank*, 657 F. Supp. 2d 86, 91 (D.D.C. 2009) (stating that "[t]he fact that *Poblete* I was dismissed as conceded pursuant to Local Civil Rule 7(b) . . . is of no moment given that the purpose of claim preclusion is '[t]o preclude parties from contesting matters that they have had a full and fair *opportunity* to litigate.' ") (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)) (alterations in original).

Because this case is predicated on the same FOIA request forming the basis of *Rosario* I, the Court finds that plaintiff is barred by *res judicata* from prosecuting the current complaint. Hence, defendants' motion to dismiss under Rule 12(b)(6) will be granted. A separate Order accompanies this Memorandum Opinion.

s/
JOHN D. BATES
United States District Judge

Dated: April 7, 2011